## MARY A. TRUESDALE

*v.*

## THOMAS MORRISON *et al.*

CHANCERY—*to enjoin judgment at law, and try question of indebtedness.* An account accrued against a party who died, insolvent; no administration was had on his estate. After more than two years from the date of his death, and more than three years after the date of the last item in the account, an attachment suit was brought against the widow of the deceased, upon said account, and a judgment rendered against her without service on her or knowledge, on her part, of the suit, and a judgment in said proceeding was also rendered against her debtor on garnishee process. Upon a bill by her to enjoin the collection of this judgment, charging insolvency of the plaintiffs in the attachment and the sureties on the attachment bond, it was *held* to be error to dismiss the bill, but that an issue should have been made up as to the existence of the indebtedness claimed in the attachment suit, and a decree rendered according to the rights of the parties.

APPEAL from the Circuit Court of Macoupin county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. JOHN I. RINAKER, and Mr. E. W. HAYES, for the appellant.

Messrs. McCLERNAND & KEYES, and Mr. A. N. YANCY, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It appears, by the amended bill herein, and the affidavits filed therewith, that Mary A. Truesdale is the widow of Wm. Truesdale, who died in November, 1867. During the years 1865 and 1866, an account accrued against Wm. Truesdale, on the books of the firm of Thomas Morrison & Co., to the amount of some $590, on which some $300 was paid.

The estate of Truesdale, it seems, was insolvent, and no administration of the same was had. Mrs. Truesdale resided for some time at Bunker Hill, in Illinois, after the death of her husband. During all that time, no demand was made upon her by the firm of Thomas Morrison & Co. on any account whatever.

More than two years after the death of Truesdale, and more than three years after the date of the last item of account charged on the books of Thomas Morrison & Co., an attachment suit was begun against Mrs. Mary A. Truesdale for this same account, (now made out in her name,) and, without personal service and without her knowledge, judgment was entered against her, in March, 1871, for $372. Process of garnishment having been served upon one of her debtors, judgment was rendered against him, in March, 1873, for $416.47. Of all this she had no personal knowledge or actual notice until the early part of the year 1874. Soon afterwards, she filed her bill to enjoin the collection of these judgments, and subsequently, by leave of the court, filed her amended bill, supported by divers affidavits, showing that the firm of Thomas Morrison & Co. never had any claim against her, and that, knowing that they had no claim against her, they had, fraudulently and by false testimony, procured the judgments of which appellant complains in her amended bill, and, also, showing that

the firm are insolvent, and that the sureties in the attachment bond are insolvent—that the whole proceedings were unjust, and she had never had an opportunity to be heard in her defense. Application was made to the circuit court for a temporary injunction, which was refused, and, on motion, the court dismissed the bill, and complainant appeals to this court.

The record exhibits other interesting features in this case, and other details not mentioned here, but enough is here stated to show the ground of the judgment of this court.

We think the bill ought not to have been dismissed, but a temporary injunction should have been allowed as sought, and continued, and the bill retained until an issue at law be made in the original attachment suit, or a feigned issue in this suit, to determine the question whether the complainant, in truth, was indebted to the plaintiffs in the attachment suit or not, and then a final decree should be entered according to the true rights of the parties.

The decree will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*